IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § § § | |
| VS. § | CRIMINAL NO. CR-H-07-350 |
| § | |
| CAMPO SHEET METAL WORKS, INC. § § § Defendant | |

## PLEA AGREEMENT

The United States of America, by and through Donald J. DeGabrielle, Jr., United States Attorney for the Southern District of Texas, Joe Magliolo, Assistant United States Attorney, and Jonathan Lopez, Trial Attorney, Department of Justice Fraud Section, and the defendant, CAMPO SHEET METAL WORKS, INC. (CAMPO SHEET METAL), and the defendant's counsel, Lee Hamel, pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### The Defendant's Agreement

1. The defendant agrees to waive Indictment in this matter and proceed by way of Information.

2. The defendant agrees that this plea agreement shall be filed with the Court and become a part of the record in the case.

3. The defendant agrees to enter a plea of guilty to the Information, charging it with willfully violating an OSHA standard causing the death of an employee, in violation of Title 29, United States Code, Section 666(e). The defendant agrees that it is in fact

1

guilty of this charge and that the facts set forth in the factual basis of this Plea Agreement are true and accurate.

4. The defendant understands and agrees that the Court is not a party to this agreement, that sentencing is a matter solely within the discretion of the Court, the Court is under no obligation to accept any recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this Plea Agreement. If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw its guilty plea, and it will remain bound to fulfill all of the obligations under this Agreement. The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence it will receive.

5. The defendant acknowledges that, should the Court fail to follow any or all of the Government's or defendant's sentencing recommendations, the defendant will not be allowed to withdraw its plea.

6. The defendant agrees that his plea is knowing and voluntary, and that no threats or promises have been made to it, other than those set forth within this Agreement.

### The United States' Agreement

7. The United States agrees that it will bring no additional criminal charges against CAMPO SHEET METAL or any of its employees or officers relating to or arising out of its activities relating to or arising out of its activities alleged in the information.

8. The United States agrees to recommend the following sentence:

   a. CAMPO SHEET METAL shall be fined one hundred thousand dollars ($100,000.00), of which fifty thousand ($50,000) is to be paid within ten(10) days of the filing of this Agreement, and the remaining monies to be paid in four (4) quarterly installments of $12,500.00 each, the first of which is due on, or before, October 1, 2007, and thereafter the remaining three (3) installments shall be due on, or before, the first (1st) day of the months of January, April and July during the calendar year 2008.

   b. CAMPO SHEET METAL will be placed on probation for a period of three (3) years. Conditions of probation are as follows:

      i. Campo agrees that it will not commit a federal, state, or local criminal offense during the time it is on probation;

      ii. For a period of (3) years following execution of this Agreement, CAMPO SHEET METAL shall permit up to two (2) comprehensive OSHA inspections of its work place facility located at 6811 Lindbergh, Houston, Texas, notwithstanding any other statutes, rules, regulations and/or policies regarding OSHA inspections.

      iii. CAMPO SHEET METAL agrees as a condition of probation that if any violation is found by OSHA during any of the inspections referenced in the preceding paragraph, OSHA may take any civil administrative or regulatory action it might

     normally take consistent with OSHA policies, procedures, and directives.

   iv. CAMPO SHEET METAL agrees that it will make all payments referenced in Paragraph 8(a) above on time and that any missed payment shall be considered a violation of probation and this Agreement.

### Potential Sentence

9. The maximum penalty the Court can impose for a violation of 29 U.S.C § 666(e) is:

  a. a fine not to exceed five-hundred thousand dollars ($500,000.00);

  b. a term of probation of not more than five (5) years;

  c. a mandatory special assessment of fifty dollars ($50.00); and,

  d. restitution pursuant to Title 18, U.S.C. 3663A(c)(1).

The sentence in this case will be imposed by the Court. Because the offense to which CAMPO SHEET METAL is pleading guilty constitutes a Class B misdemeanor, the Sentencing Guidelines do not apply to this case. *See* 18 U.S.C. § 3559(a)(7) & U.S.S.G. 8A1.1.

### Mandatory Special Assessment

10. Pursuant to Title 18 U.S.C. 3013(a)(1)(B)(ii), immediately after sentencing, defendant will pay to the Clerk of the United States District Court a special assessment in the amount of fifty dollars ($50.00) per count of conviction. The payment will be by cashier's check or money order payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

## Waiver of Appeal

11. Defendant is aware that Title 18 U.S.C. 3742 affords a defendant the right to appeal the sentence imposed. The defendant waives the right to appeal the sentence imposed or the manner in which it was determined. The defendant may appeal only (a) the sentence imposed above the statutory maximum. Additionally, the defendant is aware that Title 28 U.S.C. 2255, affords the right to contest or collaterally attack a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest its conviction or sentence by means of any post-conviction proceeding.

## Rights at Trial

12. Defendant represents to the Court that it is satisfied that its attorney has rendered effective assistance. Defendant understands that by entering into this agreement, it surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

(a) If defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States, and the court all agree.

(b) At a trial, the United States would be required to present witnesses and other evidence against the defendant. Defendant would have the opportunity to confront those witnesses and its attorney would be allowed to cross-examine them. In turn, the defendant could, but would not be required to, present witnesses and other evidence on its own behalf. If the witnesses for defendant would not appear voluntarily, it could require their attendance through the subpoena power of the court.

## Breach of Agreement

13. Defendant agrees that if it violates any agreement contained herein, the United States may declare this Plea Agreement null and void and defendant, any related entity, or any officer and/or employee of CAMPO SHEET METAL will thereafter be subject to prosecution for any criminal violation including, but not limited to, any crimes in or related to the Information filed in this case, as well as perjury and obstruction of justice. In the event that defendant violates the provisions of this Plea Agreement, it understands that any later prosecution may be premised upon any information, statements or testimony provided by them and that such information, statements, or testimony, and all leads derived there from, may be used against defendant. Whether the defendant has breached any provision of this plea agreement shall be determined **solely** by the United States through the United States Attorney's Office, whose judgment in that regard is final.

## Complete Agreement

14. This written plea agreement, consisting of 7 pages, together with the attached Factual Statement, constitutes the complete plea agreement between the United States, defendant and its counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement.

| Respectfully Submitted, | Respectfully Submitted, |
|---|---|
| CAMPO SHEET METAL WORKS, INC., and its successors. | Donald J. DeGabrielle, Jr. UNITED STATES ATTORNEY |
| By: *[signature]* Sammy Campo, Vice-President Campo Sheet Metal Works, Inc. 6811 Lindbergh Houston, Texas 77087 Telephone: Facsimile: | By *[signature]* Joe Magliolo Assistant U. S. Attorney 910 Travis Street, 15th Floor Houston, Texas Telephone: (713) 567-9000 Telecopier: (713) 718-3301 |
| Signed this 21 day of August, 2007. | Signed this 21 day of August, 2007. |
| By: *[signature]* Lee Hamel Hamel Bowers & Clark LLP 300 Memorial Drive Suite 900 Houston, TXd 77007 Telephone: 713-869-0557 Telecopier: 713-869-0677 | By: *[signature]* Jonathan E. Lopez U.S. Department of Justice Criminal Division, Fraud Section 1400 New York Ave., N.W. Washington, D.C. 20005 Telephone: 202 307 0846 Telecopier: 202 514 -0152 |
| Signed this 21 day of August, 2007. | Signed this 21 day of August, 2007. |
| Attorneys for Defendant | Attorneys for United States of America |